Filed 1/27/14  P. v. Beasley CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048115 |
| v. | (Super. Ct. No. 09WF1171) |
| GRADY RICHARD BEASLEY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Richard De La Sota, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Grady Richard Beasley of two counts of sexual penetration of a child 10 years or younger (Pen. Code, § 288.7, subd. (b); all further statutory references are to this code), three counts of committing a lewd act with a child under age 14 (§ 288, subd. (a)), and one count of using a minor to model or pose for filming sex acts (§ 311.4, subd. (c)). On two of the lewd act convictions, the jury found defendant engaged in substantial sexual conduct with a child under 14 (§ 1203.066, subd. (a)(8)). Defendant also pleaded guilty to possession of child pornography (§ 311.11, subd. (a)). The trial court sentenced defendant to an aggregate term of 43 years, 4 months to life.

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a summary of the facts, listing three potential issues, and requesting this court to undertake a review of the entire record. We offered defendant an opportunity to file a personal supplemental brief. He has not done so. We reviewed the record and found no prejudicial error. We therefore affirm the judgment.

ANALYSIS

Shelby, born 1998, and Kylee, born 2004, are the daughters of Kimberly. In early 2007 Kimberly and her two daughters began spending the night at defendant's home. A video camera in the bedroom Kimberly shared with defendant allowed her to view the girls who slept in the living room. At times, while Kimberly was at work, defendant would care for the children in his home.

Defendant began molesting Shelby when she was eight years old. While her mother was at work, he made Shelby touch his penis and "rub it." Defendant also

2

touched Shelby inside her vagina. During a search of defendant's home, officers found "numerous" items of digital media which disclosed over 10,000 images of child pornography, including videos in which Shelby appeared. In one of these, Shelby masturbates defendant following his instructions. In others, the videos expose views of Shelby's buttocks and vagina and a penis is shown against her lips.

The record, as noted above, shows substantial evidence supporting the verdicts.

We also reviewed denial of defendant's motion under section 1538.5. The search of defendant's home took place when officers went to his apartment to serve an arrest warrant for his failure to appear in a misdemeanor case. The officers knew defendant was on probation with a search condition. The search disclosed photographs and the videos mentioned above. "Warrantless searches are justified in the probation context because they aid in deterring further offenses by the probationer and in monitoring compliance with the terms of probation." (*People v. Robles* (2000) 23 Cal.4th 789, 795.) "When involuntary search conditions are properly imposed, reasonable suspicion is no longer a prerequisite to conducting a search of the subject's person or property." (*People v. Reyes* (1998) 19 Cal.4th 743, 752.)

Finally, we considered whether the court erred in failing to instruct the jury sua sponte that lewd act with a child under 14 (§ 288, subd. (a)) is a lesser offense included in violations of section 288.7. Or, in the alternative, whether trial counsel rendered ineffective assistance by not requesting such an instruction. Although the court is required to instruct on lesser included offenses, that requirement only applies where there is evidentiary support for such an instruction. (*People v. Breverman* (1998) 19 Cal.4th 142, 162.) The evidence of defendant's violation of section 288.7 was very strong. Shelby was unimpeached in her testimony that defendant "often" touched her inside her vagina. No defense evidence was presented. The evidence would not have supported an instruction on the lesser included offense.

3

## DISPOSITION

The judgment is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

FYBEL, J.

IKOLA, J.

4